# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHRIS JONATHON EPPERSON,** <br><br> **Plaintiffs** <br><br> v. <br><br> **NORTHERN DISTRICT OF ALABAMA,** <br><br> **Defendants** | **CASE NO. 1:18-CV-1028 AWI EPG** <br><br> **ORDER DENYING MOTIONS TO PROCEED IN FORMA PAUPERIS AND DISMISSING MATTER AS FRIVOLOUS** <br><br> (Doc. Nos. 2, 3) |

On July 30, 2018, Plaintiff Chris Jonathon Epperson filed this lawsuit and a motion to proceed *in forma pauperis*. See Doc. Nos. 1, 2. The Defendant is a federal court, the United States District Court for the Northern District of Alabama. Plaintiff seeks $500 billion. Currently before the Court is Plaintiff's *in forma pauperis* motion.

*Factual Background*

The Complaint is unintelligible. Plaintiff indicates that this court has jurisdiction based on a federal question and diversity. As the basis of federal question jurisdiction, Plaintiff writes: "enievident tampeeron discreet, under interogation safety cell A.B.C.D., Health & Safety Exempt No. 9." For diversity of citizenship, Plaintiff identifies the as Defendant Hugo L. Black, a citizen of Alabama and Bermuda. However, this is apparently an attempt to identify the Northern District of Alabama since the address that Plaintiff lists for the Northern District of Alabama is the "Hugo L. Black United States Courthouse," located at 1729 5th St., Birmingham, AL. See

www.alnd.uscourts.gov. Under a section of the complaint entitled "Statement of Claim," Plaintiff writes: "Global Civil Rights 1974 Republican of Bermuda Assacination [sic] of John F. Kennedy, Kentucky Civil rights 1964 congressman lowerhouse left seat rightwing conspierecy [sic] assacination [sic] of president house of assembly head of state." Under the "Relief" section, Plaintiff rights: "Dutch Bermuda Rifle to his face espionage in the cold war 1948-1959 Foreign Policy in the Congo 1960-1964 Congress violation constitutional amendment under sedition act of 1798." There is also a type written page that repeats some of the above, but also suggests that Plaintiff wishes to subpoena the head of the Australian Assembly, President Emmanuel Macron of France, and the "Fifth Congress." Finally, the Complaint attaches images of public documents and photographs of former United States politicians, such as Richard Nixon and Sam Rayburn.

*In Forma Pauperis Framework*

District courts "may authorize the commencement . . . of any suit, action or proceeding, civil or criminal . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possess that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). A district court "shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). An action is "frivolous" if it has no arguable basis in fact or law; the term embraces both inarguable legal conclusions and fanciful factual allegations. Neitzke v. Williams, 490 U.S. 319, 325 (1989); DeRock v. Sprint-Nextel, 584 Fed. Appx. 737 (9th Cir. 2014); see also Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987). For purposes of § 1915(e)(2)(B)(ii), the same standard for a Rule 12(b)(6) motion is utilized – the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015). "A district court may deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998); Tripati, 821 F.2d at 1370. However, the "denial of leave to proceed *in forma pauperis* is an abuse of discretion unless the district court first provides a plaintiff leave to amend the complaint or finds that amendment would

be futile." Rodriguez v. Steck, 795 F.3d 1187, 1188 (9th Cir. 2015); see Tripati, 821 F.2d at 1370. If a court denies a motion to proceed *in forma pauperis* because the complaint is frivolous and cannot be cured by amendment, then the denial of the motion acts as a dismissal under 28 U.S.C. § 1915(e). Rodriguez, 795 F.3d at 1188.

*Discussion*

As indicated above, the Complaint is incoherent. Near as the Court can tell, Plaintiff is attempting to allege violations of the Sedition Act of 1798.[1] No plausible claims of any kind are stated. Moreover, what has been submitted to the Court indicates that Plaintiff is attempting to obtain $500 billion from the Northern District of Alabama based in part on the assassination of President John F. Kennedy. The Complaint is clearly fanciful and frivolous.

Since the Complaint is frivolous and fails to state a claim, dismissal of the complaint is required. See 28 U.S.C. § 1915(e)(2). Furthermore, because the Court concludes that amendment would be futile, the Court will deny Plaintiffs' motion to proceed *in forma pauperis* and dismiss this case. See 28 U.S.C. § 1915(e); Rodriguez, 795 F.3d at 1188; Minetti, 152 F.3d at 1115; Tripati, 821 F.3d at 1370.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that;

1. Plaintiff's motions to proceed *in forma pauperis* (Doc. No. 2) is DENIED;
2. This case is DISMISSED as frivolous and for failing to state a claim; and
3. The Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated:  August 1, 2018

_____
SENIOR DISTRICT JUDGE

---

[1] The Sedition Act of 1798 expired in 1801. See Gertz v. Welch, 418 U.S. 323, 356 (1974) (Douglas, J., dissenting).